It is further contended that even with this interpretation of the statute, the trial was erroneously proceeded with, inasmuch as it did not appear that there had been an escape or forfeiture of recognizance. It is suggested that his absence may have been due to sickness, accident, arrest, or other cause beyond his control. This, however, would not be sufficient to prevent a forfeiture of his recognizance, although it might justify the setting aside of such forfeiture thereafter. The transcript here shows that the recognizance was duly forfeited on the same day that the bill of exceptions shows the objection to the further prosecution of the trial was made and overruled. We think there was no error in submitting the case to the jury and receiving their verdict under these circumstances in the defendant's absence.

No other error in the record is alleged, and we find none Judgment is therefore affirmed.

--------

## LEWD WOMAN HELD ENTITLED TO HOMESTEAD EXEMPTION.

Circuit Court of Lorain County.

MAUD BARNES ET AL v. H. P. GLICKMAN.

Decided, May 1, 1907.

*Attachment—Discharge of Property Claimed as Exempt—Owner a Prostitute.*

It is no reason for refusing to discharge an attachment of goods shown to be the property of a married woman living with her husband, neither of whom have a homestead and the goods being claimed as exempt in lieu of a homestead, that the debtor is a prostitute, plying her vocation.

*Thompson, Glitsch & Cinniger,* for plaintiff in error.
*S. H. Williams,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The error alleged in this proceeding is the failure of the court below to discharge an attachment levied upon a piano, the prop-

erty of Maud Barnes, a married woman living with her husband, neither of whom has a homestead; the piano in question being claimed by way of exemption in lieu of homestead. All these facts are admittedly true, save that it is alleged that Maud Barnes is a prostitute, plying her vocation, and that her husband, therefore, does not live with her in the sense contemplated by the exemption statutes intended for the protection of the family.

We are not able to read into the statute any qualification of this sort, and the judgment below is reversed

Proceeding to enter the judgment which the court below should have rendered, we now order that the attachment be and the same is discharged.

---

## ENFORCEMENT OF RESTRICTION IN DEED.

Circuit Court of Summit County.

THE WEST HILL LAND COMPANY v. SAMUEL J. RITCHIE.*

Decided, April, 1907.

*Restrictions in Deed—General Plan—Constructive Notice—Waiver.*

Restrictive covenants contained in a deed in defendant's chain of title, of which he had constructive notice, which are part of a general plan or scheme of restrictions published and adhered to by plaintiff and its trustee, will be enforced notwithstanding plaintiff has offered to sell the defendant other lots in the allotment, without restrictions.

*Stuart & Stuart,* for plaintiff in error.
*W. E. Young,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

We see no reason why the restrictions in the deed of defendant's grantor should not be enforced so as to prevent defendant from erecting any building nearer than the stipulated distance

---

*Affirmed without opinion, *Ritchie* v. *West Hill Land Co.,* 80 Ohio State, 722.